Good morning. May it please the court, my name is Manish Daftari. I represent the petitioner Joga Singh. This is an asylum case. There's two important issues in this case. One is whether the asylum application was frivolous, and two, whether the adverse credibility finding was warranted. First and foremost, the petitioner did not file a frivolous asylum application. There's nothing in the application that was deliberately fabricated. The judge never mentioned anything that she thought was a deliberate fabrication. Her order does not state a single item as a basis for her frivolous finding. Well, the immigration judge does note a whole lot of things, including the fact that the letter from the mayor appears to have a falsified date and was contradicted by Singh's own account of his persecution. The doctor's statement or letter appears to have a falsified date. The school certification appears to be false because it doesn't make sense and is contradicted by Singh's testimony. His testimony that he went into hiding in a place that he then had said he didn't had never heard of and didn't know what it was. His passport was issued before the date that he said he went to get it. I mean, that's not even having to do with the adverse credibility findings. I mean, it noted all the I.J. noted all those things, and I don't know how that adds up, except to say that this was the kind of conduct that justifies the order. Well, all those things that you mentioned were part of her adverse credibility findings. She said all those add up to the fact that the petitioner. Well, it doesn't have to be separate from it in order to qualify as frivolous, does it? It doesn't have to be, but I don't know what she exactly relied on. Does she rely on everything in the adverse credibility? What difference does it make if it's supported? Because the point is that the petitioner has to have an opportunity to explain why it's not. He had an opportunity to explain absolutely every single thing I went through. But he wasn't told that it was going to be material fabrication. He wasn't. He was warned three times that if he didn't, that he was unfalse in any respect, that it would result in a frivolous finding. Well. Those warnings were signed in part and in writing. Well, there are several problems with the – with her adverse credibility finding. I could take the letters, for example. She mentioned the problems with the dates. They don't necessarily – they don't necessarily indicate that the things were – that the letters were forged. All she mentioned were the handwriting on the copy of the mayor's letter and the original were in different handwriting. It doesn't mean it's not forged. It could be several things. It could be that we have two documents here. It could be that the dates were just an afterthought. What's material is whether the contents are the same. The contents are the same. If you look at the signature, to the layperson, the signatures look the same. The same with the certificate from the doctor. She said that she mentioned the ink was the same as ink on the date on the original letter from the mayor. The judge is not a writing expert. Even if we might conclude one thing from it, from the IJ, or we might not, but the question here is not whether she got it right or wrong, but whether she's compelled to find something different. You know, we must have read a million transcripts, and this one's right at the top of the list of transcripts where one gets the overwhelming impression of a – of somebody who is making up a story from the beginning to the end. So in that footing, how can you – how can – what's the basis for saying that the IJ was compelled to find something else? It's based on just her finding of credibility. Even everything she mentions might raise the level – to the level of saying that he's not a credible witness, that it impinges on his credibility. But nothing here says that he materially fabricated the entire story of his arrest and what happened to him in prison and all the other things. And I was just mentioning with the – you know, she said that – she seemed to suggest the letters were fabricated. But as I was just mentioning, you know, none of it – it's based on speculation at this point, because she's saying, well, the ink is the same on this and that, but without an analysis from forensics, because the judge is not an expert on this, it's a speculation to say that, well, the ink written on the date in the doctor's letter is the same as the ink written on the Sarpanch's letter, the mayor's letter. Same goes for the passport. The passport is a fake passport, more likely. So if the issue date is a month before, it doesn't matter because it's a fake passport. There is no issue date on the passport because it's fake. But those are the things that were never taken into consideration. So what I'm saying is her credibility findings are based on things that can be explained. They're either inconsistencies that are trivial or explainable. Another example would be the letter from the mayor mentions that the petitioner and the father were released at the same time. Petitioner testifies that he was released – the father was released the day of the arrest. He was released three days later. The judge says this is an inconsistency. It really isn't. It's more of a language barrier, because if you read the text of the letter, it looks like it's written in poor English. It's actually very similar to the – He went to the hospital, but he didn't go to the hospital. He was arrested, but he wasn't arrested. He was told that he had to rest for 10 days. He was told he was fine. Go do whatever. I mean, there's not a single thing that was said that wasn't inconsistently said within a page or two. Okay. But once again, if anything, those inconsistencies are explainable. And if not, all it can rise to is the level that he's just a bad witness. He's a bad witness. He's not a credible witness. But it doesn't rise to the level to say that he fabricated the entire story. There's nothing there that indicates that. There's a case cited by the respondent, Effie v. Ashcroft, where the government had looked at a – it's, I think, a Fifth Circuit case. The government had looked at – did a background check, found out that the petitioner had lied about the fact his father was in a political party, which is the basis of his claim, looked at his dental records, found out he came to the U.S. at a much earlier age than he had testified to. There they actually have evidence that he lied about his application, substantial evidence. Here we have speculation that the documents may be forged because there's – because the ink is the same, because the dates are written. We have inconsistencies that go to his credibility, but not to the level of saying that he fabricated his application. It's a much higher standard. Were you with the counsel at the hearing? At the hearing, no, I wasn't. You had mentioned we were just talking about the letter from the mayor. Again, I was saying that's not an inconsistency at all. It's a language barrier. What the mayor says in this letter is, after paying 25,000 rupees, the police left them and admitted them to the hospital. That just indicates that what the letter is saying, that the father and the son were released at the same time, which is inconsistent from the petitioner's testimony. But if you read it like that, what it says is, the police admitted both of them to the hospital at the same time. That doesn't make any sense. Why would the police, after beating up the petitioner, send them to the hospital? That was never a claim. That was never a claim at all. And the only reason it says that is because it's written poor English. And so she's comparing his testimony to a document that's not written very well. So it's an illusory inconsistency. And most of what I was talking about is that, that inconsistencies that don't rise to the level of a material fabrication. I'll save the rest of what I have for the call. Okay, sure. May it please the Court, my name is Ernesto Molina with the U.S. Department of Justice's Office of Immigration Litigation, and I represent the Respondent, U.S. Attorney General Alberto Gonzalez in this case. In this case, the Court addresses an alien's case where the alien failed to convince an immigration judge that he testified credibly and where he fails to present evidence that compels a finding that the immigration judge's credibility findings were incorrect and that the finding regarding a frivolous application was compelled to the contrary as well. Mr. Molina, I have a question for you. Is the standard the same on the frivolousness determination as on the credibility determination? In other words, to reverse, would we have to say that the record compels the conclusion that the application is not frivolous? The answer to your question, Your Honors, yes. It's the same substantial evidence standard that applies to the agency findings. The Supreme Court has never deviated from that in the agency context, and the government argues that the same applies with this regard with one addition. The Supreme Court has always emphasized that in the immigration context, the Attorney General's legal and factual findings are entitled to special deference, not only because it's sort of an elected office, but also because of all the foreign policy implications that may result in the need to balance this nation's security and immigration concerns. Do you have a case on that, on the frivolous finding? The first case I would bring to your mind is out of the Eleventh Circuit, Your Honor, and its name just flew out of my mind. I might be able to pull it, give it a moment. And no, I didn't. Otherwise, I'd have to rely on the FA case out of the Fifth Circuit, Your Honor. We know that on the frivolous, the Third Circuit has said there have to be specific findings that the statements were material and fraudulent. Are there specific findings here? There are numerous findings in this record. There are specific findings that they were material. Well, they were obviously deemed material, Your Honor. Why? Well, if you'll allow me to explain, I'll explain. Yes. But I'm asking you, was there a finding that any one of these was material? Not is it obvious. Did the I.J. find it material? Well, this Court has already imposed on the credit. Yes, Your Honor. The answer to your question is yes. Which one? Basically all of them that were used in the credibility finding. Where is the finding? Point to the record where there's a finding this is material. First we are going to page, looks like 40, it's going to be 48, Your Honor. Here we go, yes. Beginning at page 49, excuse me, where the immigration judge begins to discuss all of the evidence and the inconsistencies that were prevailing. Here we have the immigration judge. When he uses, when she uses these for the creditability finding, this Court has already imposed sort of a materiality requirement in this regard when it comes to use of inconsistencies. So this is all implied. Is there a specific finding that any one of these inconsistencies was material? You can answer that yes or no. The immigration judge never uses the word material, Your Honor. All right. Well, that's the key word, is it not? No, Your Honor. First of all, the statute does not require material findings. And because it's also a factual finding, the Supreme Court has explained that the substantial evidence test is a whole record review test. Now, under the substantial evidence test as it existed before 1941, the evidence that was cited by the agency might have been important. But after 1941, it became whole record review. And as a result, we can look at the entire record. Now, in this case, we simply have the immigration judge who lays out bit by bit all the concerns and all the problems that arise in this. It even takes place in the hearing, Your Honor, when the immigration judge explains it looks like these were fabricated. Well, how do you distinguish a finding of adverse credibility from a frivolous finding? I mean, obviously, when the judge says this person's not credible, they found that in a material aspect, there is something fraudulent about what's been testified. So you would think every adverse credibility determination could be converted into a frivolous finding. That is incorrect, Your Honor. Well, what's the difference? The difference is this, Your Honor. Credibility has to do with whether or not what is said will be believable. A frivolousness finding under the regulations requires that there be some type of fabrication. In this case, what you have is an immigration judge who lays out every instance that's a problem in this case, doesn't cite other elements which I'm assuming she considered to be not really material, such as, you know, what state did his father live in, et cetera, et cetera. Those were left out. This immigration judge selected these particularized findings, gave thorough explanations as to what was problematic with them, and having given that analysis, then said this person lacks credibility for those grounds, and then made the finding, this person, I find this person has fabricated evidence based on those findings. You know, when I read this transcript, it strikes me as a poor job by a lawyer. This witness has not been prepared to testify. Any decent counsel would have anticipated at least some of these problems and prepared him better. So it's really a case of fairly ineffective assistance. But the additional charge of frivolousness isn't there in the IJ's findings. The – again, Your Honor, the immigration judge does make the findings. Your Honor's concern is whether they were particularized enough. And the government submits that based on the careful analysis that the immigration judge gives at the beginning of her decision, afterwards she says, based on those findings, this person lacks credibility. After that says, based on those findings, there – I find that some of these – that some of this is fabricated. You know, so I – looking at just the regulation and not having read all the cases that have addressed it, but it does seem like it's a nice question whether there has to be a finding of frivolousness on a material element. As I read the regulation 208.20, it says that the immigration judge has to make a specific finding that the alien knowingly filed a frivolous application. Then it defines what's frivolous by saying a material element has been deliberately fabricated. It doesn't say there has to be a specific finding that a material element was fabricated. Literally, it says there has to be a specific finding that the application is frivolous. And then it defines frivolousness in terms of, you know, falsifying a material point. So are there any courts that have addressed in published opinions whether the I.J. has to make a finding of materiality on what was fabricated? The only court to do so that I recall, Your Honor, is the Third Circuit's case raised by Judge Noonan. However, the Eleventh Circuit and the Fifth Circuit, which have also looked at this issue, have not imposed such a requirement, instead finding that in those cases the finding of fabrication was clearly supported by the record, as it is in this case. I mean, just as an example in this case, to explain – to demonstrate why the interpretation of the regulation you postulated first, that the specific materiality finding is not necessary. I mean, just as one example, we have the letter to the mayor in this case, where the alien testifies he received the original, and only the original, from India. And somehow differently written dates got put on that original, as opposed to a subsequent copy that was submitted to the court. But this is the type of thing that made the immigration judge say in the hearing, it looks like this was fabricated. So looking at the whole record, we do have the immigration judge making the finding that this is a frivolous application, and specified in her decision that she would make that finding, which supports the interpretation of the regulation put forward by Your Honor. I suppose one way to look at it is that we would – the immigration judge has made a specific finding of a frivolous asylum application, and from the government's point of view, one way to look at it would be to say that finding has to be upheld unless we think the record compels the conclusion that no material elements were deliberately fabricated. That is the government's position. That there doesn't have to be a finding on it as to which element. Correct.  judge found was deliberately fabricated? Correctly. Now, of course, in this – The Ninth Circuit hasn't said anything on that issue one way or the other, right? That is correct. It would make our jobs more challenging. All right. That is correct. And, of course, in this case, we have the – I'll call it clear circumstance where the immigration judge was careful enough to lay out all the problems that she found with the evidence. We do know which elements she considered partly fabricated, both from the record and from the decision. That satisfies what the regulation would require, and the Attorney General's application of that regulation is entitled to substantial deference. I read from the regulation, 8 CFR 208.20. Yes. Is there any other light shed on this by the statute itself? No. The statute is even more limited, simply saying that if there's a finding of the frivolous application, the ailing shall be ineligible for relief under the Immigration Nationality Act. Okay. Thank you. Okay. And with that, I see that I'm out of time, and I don't want to use any more of the Court's time. So with that regard, in this case, there is substantial evidence to support the immigration judge's findings. Thank you. Thank you. It's true that the judge did lay out every piece of item that she thought was a problem in the case. And it's true that she said that what this amounted to was the Petitioner had lacked credibility. But that doesn't necessarily mean that everything he said was a material fabrication on his part. The Eleventh Circuit case that was just mentioned is Beretto. And in that case, what happened was it was a Cuban individual who lived in Costa Rica for a while, and then came to the United States and filed an asylum application. He lied about the fact that he lived in Costa Rica, and that's material because it goes to relocation, the fact that he could relocate somewhere else. And later on, he admitted the fact that he lied about the fact he lived in Costa Rica. For him to lose, it wouldn't have to be, as I understand, it wouldn't have to be the fabrication. It would only have to be true that any of the material elements, any, any one material element of the application had been deliberately fabricated, correct? Right. But in Beretto and in the Effie case, you know, we had, there was actually material substantial evidence that material parts of the application were fabricated. You know, in Beretto, he admitted, I stayed in Costa Rica. In Effie, they did a background check and found out, well, he lied about the fact his dad was in a political party. What we have here is just assumptions that maybe this document is forged because there's a, because the date is written. You know, he's inconsistent about whether he's in UP. But none of that rises to the level of saying that he fabricated the entire application. My time is up. Again, he wouldn't have to fabricate the entire. No, he wouldn't have to. You're right. But none of the evidence here suggests that. If he fabricated one material element, that would be enough to support the filing, correct? Correct. But none of the material here suggests that. Thank you. Thank you, counsel. The matter just argued will be submitted.
judges: Noonan, Rymer, Gould